## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LACEY DEROSA**<br>**20309 Gentle Way**<br>**Montgomery Village, MD 20886** | ) <br> ) <br> ) <br> ) | |
| **Plaintiff,** | ) <br> ) | |
| **v.** | ) <br> ) | **CIVIL ACTION NO.:** |
| **GENERAL ELECTRIC COMPANY;** | ) <br> ) | |
| **GE HEALTHCARE;** | ) <br> ) | |
| **GE HEALTHCARE, INC.;** | ) <br> ) | **PLAINTIFF'S COMPLAINT AND** |
| **GE HEALTHCARE AS;** | ) <br> ) | **JURY DEMAND** |
| **Defendants.** | ) | |

### COMPLAINT AND DEMAND FOR DAMAGES

**COMES NOW** the Plaintiff LACEY DEROSA, by and through her counsel, and for her Complaint against Defendants alleges as follows:

### PARTIES

1.    Plaintiff, Lacey Derosa, is a resident and citizen of Montgomery Village, State of Maryland.

2.    Defendant General Electric Company is a New York corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 06431. Defendant General Electric Company is a resident and citizen of both New York and Connecticut. Defendant General Electric Company is the parent company of Defendants GE Healthcare, GE Healthcare, Inc. and GE Healthcare, AS.

3.    At all times relevant, Defendant General Electric Company was engaged in the

business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the drug Omniscan.

4.    Defendant GE Healthcare, headquartered in the United Kingdom, is a unit of General Electric Company, and is further known as General Electric Company d/b/a GE Healthcare, and also doing business as GE Healthcare Medical Diagnostics, which is headquartered in Princeton, NJ.

5.    At all times relevant, Defendant GE Healthcare, f/k/a General Electric Company d/b/a GE Healthcare, was engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the drug Omniscan.

6.    Defendant GE Healthcare, Inc. is a Delaware corporation with its principal place of business at 101 Carnegie Center, Princeton, New Jersey 08540. Defendant GE Healthcare, Inc. is a resident and citizen of both Delaware and New Jersey. Defendant GE Healthcare, Inc. is a subsidiary of Defendant General Electric Company.

7.    At all times relevant, Defendant GE Healthcare, Inc. was engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the drug Omniscan.

8.    Defendant GE Healthcare, AS is a Norwegian corporation with its principal place of business in Norway. Defendant GE Healthcare, AS is a subsidiary of Defendant General Electric Company.

9.    At all times relevant, Defendant GE Healthcare, AS was engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into

2

interstate commerce, either directly or indirectly through third parties or related entities, the drug Omniscan.

10.    Defendants General Electric Company, GE Healthcare, GE Healthcare, Inc. and GE Healthcare, AS will be collectively referred to in this Complaint as the "GE Defendants."

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.    The Court has personal jurisdiction over Defendants consistent with the United States Constitution and D.C. Code §13-334 and §13-423(a) by virtue of Defendants' regularly transacting business in the District of Columbia from which they derive substantial revenue and by causing tortious injury in the District of Columbia by their acts or omissions in the District of Columbia. The Court's assertion of jurisdiction over the Defendants will not offend traditional notions of justice and fair play, as the Defendants have sufficient contacts with this forum such that it is reasonable for them to defend themselves in this forum.

13.    Venue in this district is appropriate under 28 U.S.C. §1391 because a substantial part of the events giving rise to this claim occurred in the district as Ms. Derosa was administered Omniscan in this district, and the Defendants do business and are subject to personal jurisdiction within the District of Columbia and the product that caused Ms. Derosa's injuries was marketed, distributed, and sold within the District of Columbia. Venue is also proper under D.C. Code §13-423.

14.    This diversity action is brought under the statutory and common law of the District of Columbia, including, tort, warranty, products liability, Restatement of Torts §§ 402(A), 402(B), and 388, consumer fraud/consumer protection/deceptive trade practices, and punitive damage laws of the

3

District of Columbia to recover damages and other relief, including costs of suit and reasonable attorneys' and expert fees, for the injuries Ms. Derosa has sustained as a result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distributing, labeling and/or sale of Omniscan.

## GENERAL ALLEGATIONS

15.      Omniscan is an injectable paramagnetic contrast agent for magnetic resonance imaging and arteriography. It contains the metal gadolinium which is highly toxic in its free state. Omniscan, the chemical name of which is gadolinium diethylenetriamine pentaacetic acid bismethylamide (gadodiamide), is represented by the Defendants to be safely and effectively indicated for intravenous administration to facilitate the visualization of lesions with abnormal vascularity.

16.      At all times relevant hereto, Defendants had superior knowledge and information regarding its product and knew or should have known that in its free state, gadolinium is highly toxic, harmful and dangerous to humans, and causes severe physical injury and knew or should have known of the need to prevent the gadolinium contained in their products from becoming free in the body of humans injected with Omniscan through the use of, among other things, proper design, testing, and manufacturing.

17.      The linear chemical composition of Omniscan makes it easier for the toxic gadolinium to become free in the bodies of persons injected with this contrast agent.

18.      At all relevant times, Defendants had superior knowledge and information regarding its product knew or should have known that there were safer, alternative designs for paramagnetic contrast agents that would prevent or minimize the risk of gadolinium becoming free in the bodies of humans and knew or should have known of there were safer, alternative designs for imaging systems, like those used by other leading MRI systems manufacturers, that do not use gadolinium based

contrast agents, which would provide a safer imaging alternative for the public, including Ms. Derosa.

19.    At all times relevant hereto, the Defendants had superior knowledge and information regarding its product knew or should have known that their product, Omniscan, was not reasonably fit, suitable or safe for its intended purpose and specifically, that it was defective and unsafe for use in patients with renal insufficiency such as Ms. Derosa, and knew or should have known that the gadolinium contained in their products is highly toxic to humans, and knew or should have known about the significant health risk of Omniscan administration to patients with renal insufficiency, including, but not limited to, the risk of toxic gadolinium being released into the bodies of those patients, causing severe physical injury.

20.    Ms. Derosa was administered Omniscan on or about 10/1/2006, 10/13/2006, 10/18/2006, and 12/28/2006, at Georgetown University Hospital in Washington, DC.

21.    After being administered Omniscan, gadolinium was released into Ms. Derosa's body, and she developed Nephrogenic Systemic Fibrosis (NSF), also known as Nephrogenic Fibrosing Dermopathy (NFD).

22.    NSF/NFD develops in patients with renal insufficiency, such as Ms. Derosa, who have been given an injection of a gadolinium-type contrast agent such as Omniscan.

23.    NSF/NFD is predominantly characterized by discoloration, thickening, tightening, and swelling of the skin within days or weeks after receiving an Omniscan injection. These fibrotic and edematous changes produce muscular weakness and inhibit flexion and extension of joints, resulting in contractures. NSF/NFD often progresses to painful inhibition of the ability to use the arms, legs, hands, feet, and other joints. The skin changes that begin as darkened patches or plaques progress to a "woody" texture and are accompanied by burning, itching, or severe pain in the areas of involvement. NSF/NFD also progresses to a fibrotic or scarring condition of other body organs such

as the lungs, heart, liver, and musculature, and that can inhibit their ability to function properly and may lead to death. NSF/NFD is a progressive disease as to which there is no known cure.

24.    Ms. Derosa has suffered from and continues to suffer from severe, debilitating and worsening fibrotic changes to her body as a result of contracting NSF/NFD, and has developed and/or will likely develop other systemic manifestations in the future.

25.    As a direct and proximate result of being administered Omniscan, Ms. Derosa has suffered serious, progressive, permanent, incurable, and potentially fatal injuries.

26.    As a direct and proximate result of Ms. Derosa being administered Omniscan, she has suffered significant harm, conscious pain and suffering, physical injury, bodily impairment, disfigurement and scarring, including, but not limited to, suffering from NSF/NFD, which has or may have caused permanent injury and effects, and which may continue in the future to cause her physical effects and damage that will affect her throughout her lifetime, and may lead to death. Ms. Derosa has further suffered significant mental anguish and emotional distress and will continue to suffer physical limitations, pain, injury, damages, harm, and mental and emotional distress in the future. Ms. Derosa has also incurred medical expenses and other economic harm and will continue to incur such expenses in the future, as a direct and proximate result of being administered Omniscan.

## COUNT I

### PRODUCTS LIABILITY/DEFECTIVE MANUFACTURING

27.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

28.    The Defendants are the manufacturers, designers, distributors, sellers, or suppliers of Omniscan.

29.    The Omniscan manufactured, designed, sold, distributed, supplied and/or placed in

the stream of commerce by Defendants was defective in its manufacture and construction when it left the hands of Defendants in that it contained manufacturing defects which rendered the product unreasonably dangerous, the defect occurred while the product was in the possession and control of the Defendants and existed before it left the control of the Defendants, and it deviated from product specifications, posing a serious risk of injury and death.

30.    At all relevant times, Omniscan was expected to reach, and did reach, consumers, including Ms. Derosa, without substantial change in the condition in which it was sold.

31.    As a direct and proximate result of Ms. Derosa being administered Omniscan as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Ms. Derosa has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

32.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT II

## PRODUCTS LIABILITY / DESIGN DEFECT

33.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

34.    The Defendants are the manufacturers, designers, distributors, sellers, or suppliers of Omniscan.

35.    The Omniscan manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants was defective in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the products exceeded the benefits associated with its design or formulation, it was more dangerous than an ordinary consumer would expect,

7

Defendants failed to provide adequate or proper warnings or instructions, it was not safe for its intended purpose, or it was inadequately tested.

36.    The foreseeable risks associated with the design or formulation of Omniscan include, but are not limited to, the fact that the design or formulation of Omniscan are more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

37.    As a direct and proximate result of Ms. Derosa being administered Omniscan as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Ms. Derosa has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

38.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT III

### FAILURE TO WARN

39.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

40.    The Defendants are the manufacturers, designers, distributors, sellers, or suppliers of Omniscan.

41.    The Omniscan manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that this product created significant risks of serious bodily harm and death to consumers and they failed to adequately warn consumers and/or their health care providers of such risks.

8

42.    The Omniscan manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of serious bodily harm and death from the administration of Omniscan, Defendants failed to provide an adequate warning to consumers and/or their health care providers of the product Omniscan, knowing the product could cause serious injury and death.

43.    Ms. Derosa did not know, nor did Ms. Derosa have reason to know, at the time of the use of the Omniscan, or at any time prior thereto, of the existence of the foregoing described defects. These defects and/or failure to warn of these defects caused the herein described injuries to Ms. Derosa and the injuries from which she continues to suffer.

44.    Defendants knew that Omniscan was to be used by the user without inspection for defects therein and that Omniscan was unaccompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

45.    As a direct and proximate result of Ms. Derosa being administered Omniscan as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Ms. Derosa has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

46.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT IV

### PRODUCTS LIABILITY
### DEFECT DUE TO NONCONFORMANCE WITH REPRESENTATIONS

47.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

48.    The Defendants are the manufacturers, designers, distributors, sellers, or suppliers of Omniscan and made representations regarding the character or quality of Omniscan including representations that Omniscan was safe.

49.    The Omniscan manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants was defective in that, when it left the hands of Defendants, it did not conform to representations made by Defendants concerning the product.

50.    Ms. Derosa and/or her healthcare providers justifiably relied upon Defendants' representations regarding the Omniscan at the time they were administered to her.

51.    As a direct and proximate result of Ms. Derosa being administered Omniscan and the reliance on Defendants' representations regarding the character and quality of Omniscan, she has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

52.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT V

### PRODUCTS LIABILITY
### DEFECT DUE TO FAILURE TO ADEQUATELY TEST

53.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

54.    The Defendants are the manufacturers, designers, distributors, sellers, or suppliers of Omniscan.

55.    The Defendants advised consumers and the medical community that Omniscan was safe for use. Defendants failed to adequately test Omniscan with respect to its use by consumers with renal insufficiency.

56.    Had Defendants adequately tested the safety of Omniscan for use by consumers with renal insufficiency and disclosed those results to the medical community or the public, Ms. Derosa would not have been administered Omniscan.

57.    As a direct and proximate result of Defendants' failure to adequately test the safety of Omniscan and as a direct and proximate result of Ms. Derosa being administered Omniscan as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Ms. Derosa has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

58.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT VI

### STRICT LIABILITY IN TORT

59.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

60.    The Defendants used and controlled toxic gadolinium for injection in humans.

61.    Gadolinium is highly toxic, inherently dangerous, and ultra-hazardous to humans.

62.    The Defendants allowed and directed that toxic gadolinium be used and injected in humans.

63.    As a direct and proximate result of Defendants' use and control of toxic gadolinium, toxic gadolinium was injected and released into the body of Ms. Derosa and she has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm.

64.    The Defendants are strictly liable for Ms. Derosa's injuries, damages and losses.

65.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT VII

### PRODUCT LIABILITY – NEGLIGENCE
### HIGHEST POSSIBLE DUTY OF CARE

66.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

67.    Because gadolinium is highly toxic and inherently dangerous and ultra-hazardous to humans, the Defendants had a duty to exercise the highest possible degree of care in the design, manufacture, testing, sale and/or distribution of Omniscan into the stream of commerce, including the duty to assure that their products did not pose a significantly increased risk of bodily harm and adverse events.

68.    Defendants failed to exercise the highest possible degree of care in the design, formulation, manufacture, sale, testing, quality assurance, quality control, labeling, marketing, and distribution of Omniscan into interstate commerce in that Defendants knew or should have known that Omniscan was inherently dangerous and ultra-hazardous to humans and caused such significant bodily harm or death and was not safe for administration to consumers.

69.     Defendants also failed to exercise the highest possible degree of care in the labeling of Omniscan and failed to issue to consumers and/or their healthcare providers adequate warnings of the risk of serious bodily injury or death due to the use of Omniscan.

70.     Despite the fact that Defendants knew or should have known that Omniscan posed a serious risk of bodily harm to consumers and was inherently dangerous and ultra-hazardous to humans and particularly those with renal insufficiency, Defendants continued to manufacture and market Omniscan for administration to magnetic resonance imaging and arteriography patients with renal insufficiency.

71.     The Defendants knew or should have known that consumers such as Ms. Derosa would foreseeably suffer injury as a result of Defendants' failure to exercise the highest possible degree of care as described above.

72.     As a direct and proximate result of Defendants' negligence, Ms. Derosa has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

73.     **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT VIII

### PRODUCT LIABILITY - NEGLIGENCE

74.     The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

75.     The Defendants had a duty to exercise reasonable care in the design, manufacture, testing, sale and/or distribution of their products, Omniscan respectively, into the stream of commerce, including a duty to assure that their products did not pose a significantly increased risk of

bodily harm and adverse events.

76.    The Defendants failed to exercise reasonable care in the design, formulation, manufacture, sale, testing, quality assurance, quality control, labeling, marketing, and distribution of Omniscan into interstate commerce in that Defendants knew or should have known that their products caused such significant bodily harm or death and was not safe for administration to consumers.

77.    The Defendants also failed to exercise ordinary care in the labeling of Omniscan and failed to issue to consumers, including Ms. Derosa, and/or their healthcare providers, adequate warnings of the risk of serious bodily injury or death due to the use of Omniscan.

78.    Despite the fact that Defendants knew or should have known that Omniscan posed a serious risk of bodily harm to consumers, Defendants continued to manufacture and market Omniscan for administration to magnetic resonance imaging and arteriography patients with renal insufficiency.

79.    Defendants knew or should have known that consumers such as Ms. Derosa would foreseeably suffer injury as a result of Defendants' failure to exercise ordinary care as described above.

80.    As a direct and proximate result of Defendants' negligence, Ms. Derosa has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

81.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional

requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT IX

### BREACH OF EXPRESS WARRANTY

82.     The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

83.     The Defendants expressly warranted that Omniscan was a safe and effective paramagnetic contrast agent for magnetic resonance imaging.

84.     The Omniscan manufactured and sold by Defendants did not conform to these express representations because they caused serious injury to consumers when administered in recommended dosages.

85.     As a direct and proximate result of Defendants' breach of warranty, Ms. Derosa has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

86.     **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT X

### BREACH OF IMPLIED WARRANTY

87.     The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

88.     At the time the Defendants designed, manufactured, marketed, sold, and distributed Omniscan, Defendants knew of the use for which Omniscan was intended and impliedly warranted

their product to be of merchantable quality and safe and fit for such use.

89.    Ms. Derosa reasonably relied upon the skill and judgment of Defendants as to whether Omniscan was of merchantable quality and safe and fit for its intended use and upon Defendants' implied warranty as to such matters.

90.    Contrary to such implied warranty, Omniscan was not of merchantable quality or safe or fit for its intended use because the product was unreasonably dangerous as described above.

91.    As a direct and proximate result of Defendants' breach of warranty, Ms. Derosa has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

92.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XI

### FRAUD/MISREPRESENTATION

93.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

94.    The Defendants knowingly, willfully, intentionally or recklessly made material and false and misleading representations to Ms. Derosa, her healthcare providers and to the public that Omniscan was safe for use and that Defendants' labeling, marketing, and promotion fully described all known risks of the product.

95.    The Defendants' representations were in fact false, as Omniscan is not safe for use and its labeling, marketing and promotion did not fully describe all known risks of the product.

96.    The Defendants had actual knowledge based upon studies, published reports and clinical experience that their products created an unreasonable risk of serious bodily injury and death to consumers, and specifically consumers with renal insufficiency, or should have known such information.

97.    The Defendants knowingly and intentionally omitted this information in their product labeling, marketing, and promotion and instead, labeled, promoted, and marketed their product as safe for use in order to avoid monetary losses and in order to sustain profits in their sales to consumers.

98.    When Defendants made these representations that Omniscan were safe for use, they knowingly and intentionally concealed and withheld from Ms. Derosa, her healthcare providers and the public the true facts that Omniscan are not safe for use in consumers with renal insufficiency.

99.    The Defendants had a duty to disclose to Ms. Derosa, her healthcare providers and the public that Omniscan were not safe for use in patients with renal insufficiency in that it causes NSF/NSD because it had superior knowledge of these facts that were material to Ms. Derosa and her healthcare providers' decision to use Omniscan.

100.    Ms. Derosa and her healthcare providers reasonably and justifiably relied on the Defendants' concealment of the true facts and reasonably and justifiably relied upon Defendants' representations to Ms. Derosa and/or her healthcare providers that Omniscan was safe for human consumption and/or use and that Defendants' labeling, marketing, and promotion fully described all known risks of the product.

101.    Had Ms. Derosa and her healthcare providers known of Defendants' concealment of the true facts that Omniscan was not safe for human use, Ms. Derosa would not have been administered Omniscan.

102.   As a direct and proximate result of Defendants' misrepresentations and concealment, Ms. Derosa was administered Omniscan and has suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

103.   **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XII

## NEGLIGENT MISREPRESENTATION

104.   The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

105.   The Defendants, in the course of their business profession, supplied Ms. Derosa and her healthcare providers with false information for guidance in their decision to use Omniscan.

106.   The false information supplied by Defendants to Ms. Derosa and her healthcare providers was that Omniscan was safe and would not adversely affect Ms. Derosa's health.

107.   In supplying the false information, Defendants failed to exercise reasonable care or competence in obtaining or communicating information to Ms. Derosa and her healthcare providers.

108.    The false information obtained and communicated by Defendants to Ms. Derosa and her healthcare providers was material and they justifiably relied in good faith on the information to their detriment.

109.    As a result of the negligent misrepresentations of Defendants, Ms. Derosa suffered injuries, damages and losses as alleged herein.

110.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XIII

## VIOLATIONS OF THE D.C. DECEPTIVE TRADE PRACTICES ACT

111.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

112.    At all relevant times, Defendants were engaged in the business of the sale of consumer goods in the District of Columbia, including its product, Omniscan.

113.    The following unfair and deceptive acts were done in violation of the District of Columbia Unlawful Trade Practices Act, D.C., Code. §28-3904, specifically:

    a)    misrepresentation that Omniscan was of a particular quality;

    b)    misrepresentation as to material facts which have the tendency to mislead;

    c)    failure to state material facts which failure tends to mislead;

    d)    offered for sale of distributed Omniscan in a condition which was inconsistent with that warranted by operation or requirement of federal law.

114.    As a direct and proximate result of such unfair and deceptive trade practices, Ms. Derosa suffered the aforesaid injuries and damages.

115.    **WHEREFORE**, under the District of Columbia Unlawful Trade Practices Act, Ms. Derosa is entitled to treble damages or, in the alternative, punitive damages, and reasonable attorneys fees and costs, and any other relied that the Court deems proper.

## COUNT XIV

### PUNITIVE DAMAGES

116.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

117.    The acts, conduct and omissions of Defendants as alleged herein were attended to by circumstances of fraud, malice, or willful and wanton conduct, done heedlessly and recklessly, without regard to consequence, or the rights and safety of others, particularly Lacey Derosa and was done for the primary purpose of increasing Defendants' profits from the sale and distribution of Omniscan at the expense of the health and safety of the consuming public, including Ms. Derosa, and in conscious disregard of the foreseeable harm, cause by the product.

118.    At all times material hereto, the Defendants knew or should have known that the subject product was defective and inherently more dangerous than other contrast agents.

119.    At all times material hereto, the Defendants attempted to misrepresent and did misrepresent facts concerning the safety of Omniscan.

120.    The Defendants misrepresentations including knowingly withholding material information from the medical community and the public, including Ms. Derosa herein, concerning the safety of Omniscan.

121.    At all times material hereto, the Defendants knew and/or recklessly disregarded the fact that Omniscan causes debilitating injury and possibly death.

122.    Notwithstanding the foregoing, the Defendants continued to market the subject product without disclosing the aforesaid risks and promoting the safety of the product, when Defendants knew their product was dangerous and that there were safer alternatives.

123.    The Defendants knew of the subject products defective and unreasonably dangerous nature, as set forth herein, but continued to design, develop, manufacture, market, distribute and sell it so as to maximize sales and profits at the expense of the health and safety of the public, including Ms. Derosa herein, in conscious and/or negligent disregard of the foreseeable harm caused by Omniscan,

124.    The Defendants intentionally concealed and/or recklessly failed to disclose to the public, including the public herein, the risks of injury and death that could occur as a result of the use of Omniscan, in order to ensure continued and increased sales.

125.    The Defendants intentional and/or reckless failure to disclose information deprived Ms. Derosa of necessary information to enable her to weigh the true risks of using the subject product against its benefits.

126.    As a direct and proximate result of Defendants' knowing, conscious, callous and deliberate disregard for the rights and safety of consumers such as Ms. Derosa, she has suffered injuries, damages and losses as set forth in this complaint.

127.    **WHEREFORE**, Defendants' willful, malicious, outrageous and unconscionable conduct warrants an award of punitive damages against all Defendants in an amount to be determined at a trial of this action and in an amount to punish the Defendants and deter them from similar conduct in the future.

## COUNT XV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGEOUS CONDUCT

128.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and

every allegation set forth in the preceding paragraphs and further allege as follows:

129.    The Defendants' concealment from Ms. Derosa and her healthcare providers that Omniscan was not safe for use was extreme and outrageous conduct in that such conduct is so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is atrocious and utterly intolerable in a civilized community such as the District of Columbia.

130.    The Defendants are liable to Ms. Derosa in that they intentionally and recklessly inflicted emotional distress by preventing public awareness of the risks associated with the use of Omniscan in patients with renal insufficiency.

131.    The Defendants knew or should have known that their failure to fully and truthfully inform the public would cause severe and grave emotional distress in those users who were administered Omniscan and subsequently developed permanent, debilitating and/or lethal injuries as a result of being exposed to toxic gadolinium.

132.    The Defendants' intentional decision to withhold and misrepresent information concerning the high risk to renal insufficient patients of injury from Omniscan was motivated by their desire to preserve sales and profits.

133.    The Defendants' concealment from Ms. Derosa and her healthcare providers that Omniscan was not safe for use was extreme and outrageous conduct in that such conduct offends the moral standards of this community and is so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is atrocious and utterly intolerable in a civilized community such as the District of Columbia.

134.    As a direct and proximate result of Defendants' extreme, intentional and outrageous conduct, Ms. Derosa suffered severe emotional distress.

135.    As a result of Defendants' intentional and outrageous conduct, Ms. Derosa suffered injuries, damages and losses as alleged herein.

136.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XVI

## FRAUD BY CONCEALMENT

137.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

138.    At all times mentioned herein, Defendants had the duty to disclose to Ms. Derosa and to her healthcare providers, the true facts concerning Omniscan, specifically that it was dangerous and defective and how likely it was to cause serious consequences to users, including injuries and potentially death, and how unnecessary it was to use Omniscan for the purposes indicated when considering alternative methods of treatment. The Defendants made affirmative representations as set forth herein to Ms. Derosa, her healthcare providers, and the general public prior to the date Omniscan was provided to Ms. Derosa, while concealing material facts mentioned herein.

139.    At all times mentioned herein, the Defendants had a duty and obligation to disclose to Ms. Derosa and to her healthcare providers the true facts concerning the aforesaid product; that is, that use would cause injuries including but not limited to NSF.

140.    At all times herein mentioned, the Defendants intentionally, willfully, and maliciously concealed or suppressed the facts set forth herein from Ms. Derosa and her healthcare providers with the intent to defraud as alleged herein.

141.    At all times herein mentioned, neither Ms. Derosa or her healthcare providers were aware of the facts set forth above, and had they been aware of said facts, they would not have acted

as they did, that its, would not have utilized the product.

142.    As a result of the concealment or suppression of the facts set forth above, Ms. Derosa suffered injuries as set forth herein.

143.    That at all times herein mentioned, the Defendants intentionally and willfully concealed or suppressed the facts set forth herein from Ms. Derosa's healthcare providers and therefore from Ms. Derosa, with the intent to defraud Ms. Derosa as herein alleged.

144.    At all times herein mentioned, neither Ms. Derosa nor her healthcare providers were aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that is, Ms. Derosa would not have been injected with Omniscan.

145.    As a result of the concealment or suppression of the facts set forth above, Ms. Derosa suffered injuries as set forth herein.

146.    **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XVII

### UNJUST ENRICHMENT AS TO DEFENDANTS

147.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

148.    As a direct, proximate, and foreseeable result of the Defendants' acts and otherwise wrongful conduct, Ms. Derosa was gravely harmed. The Defendants profited and benefited from the sale of Omniscan, even as it injured Ms. Derosa.

149.    The Defendants have voluntarily accepted and retained those profits and benefits

derived from consumers, including Ms. Derosa, with full knowledge and awareness that, as a result of the Defendants' unconscionable and intentional wrongdoing, consumers, including Ms. Derosa, were not receiving products of the quality, nature, fitness or value that had been represented by the Defendants, or that reasonable consumer expected. Ms. Derosa was injected with Omniscan that was expected to assist in the improvement of her health, and instead found that her health destroyed.

150.    By virtue of the conscious wrongdoing alleged in this Complaint, the Defendants have been unjustly enriched at the expense of Ms. Derosa, who are entitled to in equity, and hereby seek, the disgorgement and restitution of the Defendants' wrongful profits, revenue, and benefits, to the extent, and in the amount deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy the Defendants' unjust enrichment.

151.    **WHEREFORE,** the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XVIII

### FDA MISLED OR UNAWARE

152.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

153.    The Defendants before and/or after pre-market approval and/or licensing of Omniscan withheld from and/or misrepresented to the United States Food and Drug Administration ("FDA") required information that was material and relevant to the performance of the product. Ms. Derosa does not make a claim as such for "fraud on the FDA," but Ms. Derosa does allege that these misrepresentations and/or concealments and/or omissions are a contributing, producing, and/or

proximate cause of her injuries.

154.    Further, the Defendants recommended, promoted, over-promoted and/or advertised Omniscan for indications not approved by the FDA and (a) the product was used as recommended, promoted and/or advertised, and (b) this use was a proximate cause of Ms. Derosa's injuries.

155.    The conduct outlined in the above three paragraphs negate any defense based on FDA approval including approval of products, labels or warnings, and overcome any presumption that might be argued was created by FDA approval.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays for relief against the Defendants, jointly and severally, as follows:

1.    Compensatory damages in excess of the jurisdictional amount, including, but not limited to pain, suffering, mental anguish, emotional distress, loss of enjoyment of life, increased risk of health problems, and other non-economic damages in an amount to be determined at trial of this action;

2.    Medical, rehabilitation, life care, and medical monitoring expenses, past and future lost wages, income, and other economic damages in an amount to be determined at trial of this action.

3.    Punitive damages in an amount to be determined upon proof at trial;

4.    Damages authorized under the Deceptive Trade Practices Act, including treble damages, punitive damages and attorneys' fees;

5.    Attorneys' fees, expenses, and costs of this action;

6.    Pre -and Post Judgment Interest; and

7.    Such further relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this $\underline{10}$ day of January, 2008.

SAIONTZ, KIRK AND MILES, P.A.

By: _____

John S. Kearns - 382086
3 South Frederick Street
Suite 900
Baltimore, Maryland 21202
Telephone:    (410) 539-6339
Facsimile:    (410) 539-7411
Email: John.kearns@skmlaw.com

BURKE HARVEY & FRANKWOSKI, LLC
W. Todd Harvey, Esq.
Camille L. Edwards, Esq.
One Highland Place
2151 Highland Avenue
Suite 120
Birmingham, AL  35205
Telephone:    (205) 930-9091
Facsimile:    (205) 930-9054
Email: tharvey@bhflegal.com
        cedwards@bhflegal.com

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
Peter W. Burg
John Restaino
40 Inverness Drive East
Englewood, CO
Telephone:     (303) 792-5595
Facsimile:      (303) 708-0527
E-Mail:          pburg@burgsimpson.com
                    jrestaino@burgsimpson.com

ATTORNEYS FOR PLAINTIFF

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lacey Derosa | General Electric Company, et al. |

| | |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)     Montgomery Co. Maryland | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)    Fairfield Co., CT NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| John S. Kearns Saiontz, Kirk & Miles, PA 3 South Frederick Street, Suite 900 Baltimore, MD 21202 Phone: 410-539-6339 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

◉ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A–N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

◉ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC § 1332; Personal injuries from being exposed to Gadolinum

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☒  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE  1/18/08    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT: County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.