## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LACEY DEROSA**<br>**20309 Gentle Way**<br>**Montgomery Village, MD 20886** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | **CIVIL ACTION NO.: 1:2008cv00122** |
| **GENERAL ELECTRIC COMPANY;** | ) ) | |
| **GE HEALTHCARE, INC.;** | ) ) | **PLAINTIFF'S COMPLAINT AND**<br>**JURY DEMAND** |
| **GE HEALTHCARE AS;** | ) ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT AND DEMAND FOR DAMAGES

Plaintiff by and through her undersigned counsel, and for her Verified First Amended Complaint and Jury Demand against Defendants, allege upon information and belief as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff, Lacey Derosa, is a resident and citizen of Montgomery Village, State of Maryland. Defendant General Electric Company is a New York Corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 06431. Defendant General Electric Company is a resident of both New York and Connecticut. Defendant General Electric Company is the parent company of Defendant GE Healthcare AS and GE Healthcare, Inc.

2.    Omniscan, the product in question in this suit, is identified by General Electric Company in its packaging that it is a product of "GE Healthcare," which is a unit/division of General Electric Company. "GE Healthcare" is prominently identified on the Omniscan packaging/prescribing information, alongside the "GE" monogram. Omniscan is identified as a trademark of GE Healthcare. "GE" and the GE monogram are trademarks of the General Electric

Company.  The GE Healthcare website, which includes detailed product information concerning Omniscan, is copyrighted by General Electric Company.  General Electric Company does business as GE Healthcare, including the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into United States interstate commerce the drug Omniscan.

3.    At all times relevant, Defendant General Electric Company, and/or its corporate predecessors, was engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into the stream of commerce, directly and indirectly through third parties or related entities, the drug Omniscan.

4.    Defendant GE Healthcare AS is a Norwegian corporation with its principal place of business in the Kingdom of Norway.  Defendant GE Healthcare AS is a subsidiary of General Electric Company.  Omniscan's package insert/prescribing information identifies the putative manufacturer of Omniscan as GE Healthcare AS.

5.    At all times relevant, Defendant GE Healthcare AS, and/or its corporate predecessors, was engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into United States interstate commerce, directly and indirectly through third parties or related entities, the drug Omniscan.

6.    Defendant GE Healthcare, Inc. is a Delaware corporation with its principal place of business at 101 Carnegie Center, Princeton, New Jersey.  Defendant GE Healthcare, Inc. is a resident and citizen of both Delaware and New Jersey.  Defendant GE Healthcare, Inc. is a subsidiary of General Electric Company.  Omniscan's package insert identifies the putative distributor of Omniscan as GE Healthcare, Inc.

7.    At all times relevant, Defendant GE Healthcare, Inc., and/or its corporate predecessors, was engaged in the business of designing, licensing, manufacturing, distributing,

selling, marketing, and/or introducing into interstate commerce, directly and indirectly through third parties or related entities, the drug Omniscan.

8.    Upon information and belief, and at the relevant times, Omniscan was distributed and sold in the United States by GE Healthcare, Inc. and was manufactured by GE Healthcare AS.

9.    Defendants General Electric Company, GE Healthcare AS, and GE Healthcare, Inc. will be collectively referred to in this Complaint as the "Defendants."

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and Plaintiff alleges an amount in controversy in excess of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs.

11.    Venue in this district is appropriate under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in the district as Lacey Derosa was administered Omniscan in this district.

## GENERAL ALLEGATIONS

12.    Omniscan is an injectable paramagnetic contrast agent for magnetic resonance imaging and arteriography.  It contains the metal gadolinium, which is highly toxic in its free state. Omniscan, the chemical name of which is gadolinium diethylenetriamine pentaacetic acid bismethylamide (gadodiamide), is represented by the GE Defendants to be safely and effectively indicated for intravenous administration to facilitate the visualization of lesions with abnormal vascularity.

13.    Omniscan is cleared from the body solely by glomerular filtration in the kidneys.  As a result, it has a prolonged half-life in patients with renal insufficiency and who, therefore, are at increased risk for adverse health effects in connection with Omniscan administration.

14.    Omniscan was originally developed by Salutar, Inc., which then conducted pre-clinical testing with Sterling Winthrop and Daiichi Pharmaceuticals. Salutar was subsequently acquired by Nycomed. In 1994, Nycomed acquired Sterling Winthrop's diagnostic imaging business.

15.    In 1997, Nycomed acquired Amersham International plc, and the new company was named Amersham plc, which then held the rights to Omniscan.

16.    In 2004, General Electric Company acquired Amersham plc and the rights to Omniscan. At the time of the acquisition, Amersham plc was the ultimate parent company of Amersham Health AS, which manufactured the Omniscan that was distributed and sold in the United States, and Amersham Health Inc., which distributed and sold Omniscan in the United States. In 2006, Amersham Health AS was renamed GE Healthcare AS, and Amersham Health, Inc. was renamed GE Healthcare Inc.

17.    Defendants General Electric Company, GE Healthcare AS, and GE Healthcare, Inc. are corporate successors to Amersham plc and its related entities and, as such, are obligated for their predecessor's liabilities. Amersham plc, either itself or by and through its subsidiaries, was engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into United States interstate commerce, directly and indirectly through third parties or related entities, the drug Omniscan.

18.    At all times relevant hereto, the Defendants and/or their corporate predecessors knew, or should have known, about the significant health risk of their product's administration to patients with renal insufficiency, including, but not limited to, the risk of nephrogenic fibrosis in the skin and other body organs. At all times relevant hereto, Defendants and/or their corporate predecessors knew, or should have known, that in its free state, gadolinium is highly toxic, harmful and dangerous to humans, and causes severe physical injury and knew, or should have known, of the need to

prevent the gadolinium contained in their product from becoming free in the body of humans injected with Omniscan, through the use of, among other things, proper design, testing, and manufacturing.

19.    At all relevant times, Defendants and/or their corporate predecessors knew, or should have known, that there were safer, alternative designs for paramagnetic contrast agents that would prevent or minimize the risk of gadolinium becoming free in the bodies of humans and knew, or should have known, of safer, alternative designs for imaging systems, like those used by other leading MRI systems manufacturers, that do not use gadolinium based contrast agents, which would provide a safer imaging alternative for the public, including Lacey Derosa.

20.    At all times relevant hereto, Defendants and/or their corporate predecessors knew, or should have known, that their product, Omniscan, was not reasonably fit, suitable or safe for its intended purpose and, specifically, that it was defective and unsafe for use in patients with renal insufficiency, such as Lacey Derosa and knew, or should have known, that the gadolinium contained in their product is highly toxic to humans, and knew, or should have known, about the significant health risk of administration of this product to patients with renal insufficiency, including, but not limited to, the risk of toxic gadolinium being released into the bodies of those patients, including but not limited to, Lacey Derosa, causing severe physical injury.

21.    Lacey Derosa was administered Omniscan on or about 10/1/2006, 10/13/2006, 10/18/2006, and 12/28/2006, at Georgetown University Hospital in Washington, DC.

22.    After being administered Omniscan, gadolinium was released into her body. Lacey Derosa began experiencing symptoms of Nephrogenic Systemic Fibrosis (NSF), also known as Nephrogenic Fibrosing Dermopathy (NFD), after and because of these administrations of gadolinium. She repeatedly sought treatment and information on her ailment, but no one even

mentioned that his ailment could be NSF or NFD until December 2006. Instead, she was informed

he had other ailments. The NSF diagnosis was not confirmed until December 2006.

23.   NSF/NFD develops only in patients with renal insufficiency, such as Lacey Derosa,

who have been given an injection of a gadolinium-based contrast agent such as Omniscan.

24.   NSF/NFD is predominantly characterized by discoloration, thickening, tightening, and

swelling of the skin within weeks after receiving a gadolinium-based contrast injection such as

Omniscan. These symptoms can occur weeks or months after a person is administered this dye.

These fibrotic and edematous changes produce muscular weakness and inhibit flexion and extension

of joints, resulting in contractures. NSF/NFD often progresses to painful inhibition of the ability to

use the arms, legs, hands, feet, and other joints. The skin changes that begin as darkened patches or

plaques progress to a "woody" texture and are accompanied by burning, itching, or severe pain in the

areas of involvement. NSF/NFD also progresses to a fibrotic or scarring condition of other body

organs such as the lungs, heart, liver, and musculature, and that can inhibit their ability to function

properly and may lead to death. NSF/NFD is a progressive disease as to which there is no known

cure.

25.   The Defendants consistently failed to warn consumers and/or their health care

providers that severe, even fatal, injuries could result when their dye is administered to patients with

renal insufficiency.

26.   During the years that the Defendants manufactured, marketed, and sold their product,

there were numerous case reports, studies, assessments, papers, and other relevant experimental and

clinical data that have described and/or demonstrated dissociation and transmetallation in connection

with the use of certain gadolinium-based contrast agents. Despite this, the Defendants repeatedly

failed to adequately revise their package insert, Material Safety Data Sheet, and other product-related

literature, and to conduct appropriate post-marketing communications in order to convey adequate warnings.

27.    The Defendants repeatedly and consistently failed to advise consumers and/or their healthcare providers of the propensity of their product to undergo dissociation and transmetallation in vivo and of the causal relationship between certain gadolinium contrast dye and the development of NSF/NFD in patients with renal insufficiency.

28.    Lacey Derosa suffers from debilitating and worsening fibrotic changes to his body as a result of contracting NSF/NFD.

29.    As a direct and proximate result of being administered Omniscan, Lacey Derosa suffers serious, progressive, permanent and incurable injuries.

30.    As a direct and proximate result of being administered Omniscan, Lacey Derosa suffered significant harm, conscious pain and suffering, physical injury, bodily impairment, disfigurement and scarring, including, but not limited to, suffering from NSF/NFD. Lacey Derosa further suffers significant mental anguish and emotional distress, physical limitations, pain, injury, damages, and harm. Lacey Derosa has also incurred medical expenses and other economic harm as a direct and proximate result of being administered Omniscan.

## FEDERAL STANDARDS AND REQUIREMENTS

31.    The Defendants, upon information and belief, have or may have failed to comply with all federal standards and requirements applicable to the sale of their prescription drug - Omniscan, including, but not limited to, one or more of the following violations:

      a.    The Defendants' prescription drug is adulterated pursuant to 21 U.S.C. § 351 because, among other things, it fails to meet established performance standards, and/or the methods, facilities, or controls used for its manufacture, packing,

storage or installation are not in conformity with federal requirements. See, 21 U.S.C. §351.

b.   The Defendants' prescription drug is adulterated pursuant to 21 U.S.C. § 351 because, among other things, its strength differs from or its quality or purity falls below the standard set forth in the official compendium for the drug and such deviation is not plainly stated on its label.

c.   The Defendants' prescription drug is misbranded pursuant to 21 U.S.C. §352 because, among other things, their labeling is false or misleading.

d.   The Defendants' prescription drug is misbranded pursuant to 21 U.S.C. §352 because words, statements, or other information required by or under authority of chapter 21 U.S.C. § 352 are not prominently placed thereon with such conspicuousness and in such terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

e.   The Defendants' prescription drug is misbranded pursuant to 21 U.S.C. §352 because the labeling does not bear adequate directions for use, and/or the labeling does not bear adequate warnings against use in those pathological conditions or by children where its use may be dangerous to health or against unsafe dosage or methods or duration of administration or application, in such manner and form as is necessary for the protection of users.

f.   The Defendants' prescription drug is misbranded pursuant to 21 U.S.C. §352 because it is dangerous to health when used in the dosage or manner, or with the

frequency or duration prescribed, recommended, or suggested in the labeling thereof.

g.   The Defendants' prescription drug does not contain adequate directions for use pursuant to 21 CFR § 201.5, because, among other reasons, of omission, in whole or in part, or incorrect specification of (a) statements of all conditions, purposes, or uses for which it is intended, including conditions, purposes, or uses for which it is prescribed, recommended or suggested in their oral, written, printed, or graphic advertising, and conditions, purposes, or uses for which the drug is commonly used, (b) quantity of dose, including usual quantities for each of the uses for which it is intended and usual quantities for persons of different ages and different physical conditions, (c) frequency of administration or application, (d) duration or administration or application, and/or (d) route or method of administration or application.

h.   The Defendants violated 21 CFR § 201.56 because the labeling was not informative and accurate.

i.   The Defendants' prescription drug is misbranded pursuant to 21 CFR § 201.56 because the labeling was not updated as new information became available that caused the labeling to become inaccurate, false, or misleading.

j.   The Defendants violated 21 CFR § 201.57 by failing to provide information that is important to the safe and effective use of the drug including degree and rate of absorption, pathways of biotransformation, percentage of dosage as unchanged drug and metabolites, rate or half-time of elimination, concentration in body

fluids associated with therapeutic and/or toxic effects, degree of binding to plasma proteins, and/or the degree of update by a particular organ.

k.   The Defendants violated 21 CFR § 201.57 because evidence was only available to support the safety and effectiveness of the drug in selected subgroups of the larger population with a disease, syndrome, or symptom and the labeling failed to describe the available evidence and state the limitations of usefulness of the drug.

l.   The Defendants violated 21 CFR § 201.57 because they failed to identify specific tests needed for selection or monitoring of patients who took the prescription drug.

m.   The Defendants violated 21 CFR § 201.57 because the safety considerations regarding the prescription drug is such that the drug should be reserved for certain situations, and the Defendants failed to state such information.

n.   The Defendants' prescription drug is mislabeled pursuant to 21 CFR § 201.57 because the labeling fails to describe serious adverse reactions and potential safety hazards, limitations in use imposed by them, and steps that should be taken if they occur.

o.   The Defendants' prescription drug is mislabeled pursuant to 21 CFR § 201.57 because the labeling was not revised to include a warning as soon as there was reasonable evidence of an association of a serious hazard with the drug.

p.   The Defendants violated 21 CFR § 201.57 because the labeling failed to list the adverse reactions that occur with the prescription drug and other drugs in the same pharmacologically active and chemically related class.

q.  The Defendants violated 21 CFR § 201.57 because the possibility that a patient could develop NSF/NFD is significantly more severe than the other reactions listed in the adverse reactions, and yet the Defendants failed to list the development of NSF/NFD before the other adverse reactions on the labeling of the prescription drugs.

r.  The Defendants' prescription drug is mislabeled pursuant to 21 CFR § 201.57 because the labeling does not state the recommended usual dose, the usual dosage range, and, if appropriate, an upper limit beyond which safety and effectiveness has not been established.

s.  The Defendants' prescription drug violates 21 CFR § 210.1 because the process by which it is manufactured, processed, and/or held fails to meet the minimum current good manufacturing practice of methods to be used in, and the facilities and controls to be used for, the manufacture, packing, or holding of a drug to assure that it meets the requirements as to safety and have the identity and strength and meets the quality and purity characteristic that it is purported or is represented to possess.

t.  The Defendants' prescription drug violates 21 CFR § 210.122 because the labeling and packaging materials does not meet the appropriate specifications.

u.  The Defendants' prescription drug violates 21 CFR § 211.165 because the test methods employed by the Defendants are not accurate, sensitive, specific, and/or reproducible and/or such accuracy, sensitivity, specificity, and/or reproducibility of test methods have not been properly established and documented.

v. The Defendants' prescription drug violates 21 CFR § 211.165 in that the prescription drug fails to meet established standards or specifications and any other relevant quality control criteria.

w. The Defendants' prescription drug violates 21 CFR § 211.198 because the written procedures describing the handling of all written and oral complaints regarding the prescription drug was not followed.

x. The Defendants' prescription drug violates 21 CFR § 310.303 in that the prescription drug is not safe and effective for its intended use.

y. The Defendants violated 21 CFR § 310.303 because the Defendants failed to establish and maintain records and make reports related to clinical experience or other data or information necessary to make or facilitate a determination of whether there are or may be grounds for suspending or withdrawing approval of the application to the FDA.

z. The Defendants violated 21 CFR §§310.305 and 314.80 by failing to report adverse events associated with the prescription drug as soon as possible or at least within 15 days of the initial receipt by the Defendants of the adverse drug experience.

aa. The Defendants violated 21 CFR §§310.305 and 314.80 by failing to conduct an investigation of each adverse event associated with the prescription drugs, and evaluating the cause of the adverse event.

bb. The Defendants violated 21 CFR §§310.305 and 314.80 by failing to promptly investigate all serious, unexpected adverse drug experiences and submit follow-

up reports within the prescribed 15 calendar days of receipt of new information or as requested by the FDA.

cc. The Defendants violated 21 CFR §§310.305 and 314.80 by failing to keep records of the unsuccessful steps taken to seek additional information regarding serious, unexpected adverse drug experiences.

dd. The Defendants violated 21 CFR §§310.305 and 314.80 by failing to identify the reports they submitted properly, such as by labeling them as "15-day Alert report," or "15-day Alert report follow-up."

ee. The Defendants violated 21 CFR § 312.32 because they failed to review all information relevant to the safety of the prescription drug or otherwise received by the Defendants from sources, foreign or domestic, including information derived from any clinical or epidemiological investigations, animal investigations, commercial marketing experience, reports in the scientific literature, and unpublished scientific papers, as well as reports from foreign regulatory authorities that have not already been previously reported to the agency by the sponsor.

ff. The Defendants violated 21 CFR § 312.32 because they failed to notify the FDA in a written IND safety report of the adverse experiences associated with the use of the prescription drug that was serious and unexpected.

gg. The Defendants violated 21 CFR § 314.80 by failing to report adverse drug experiences at quarterly intervals for three (3) years from the date of approval of the application, and then at annual intervals.

hh. The Defendants violated 21 CFR § 314.80 by failing to provide periodic reports to the FDA containing (a) a narrative summary and analysis of the information in the report and an analysis of the 15-day Alert reports submitted during the reporting interval, (b) an Adverse Reaction Report for each adverse drug experience not already reported under the Post marketing 15-day Alert report, and/or (c) a history of actions taken since the last report because of adverse drug experiences (for example, labeling changes or studies initiated).

ii. The Defendants violated 21 CFR § 314.80 by failing to submit a copy of the published article from scientific or medical journals along with one or more 15-day Alert reports based on information from the scientific literature.

## COUNT I

## PRODUCTS LIABILITY/DEFECTIVE MANUFACTURING

32.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

33.    The Defendants and/or their corporate predecessors are the manufacturers, designers, distributors, sellers, or suppliers of Omniscan.

34.    The Omniscan manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants and/or their corporate predecessors was defective in its manufacture and construction when it left the hands of Defendants and/or their corporate predecessors in that it contained manufacturing defects which rendered the product unreasonably dangerous, the defect occurred while the product was in the possession and control of the Defendants and/or their corporate predecessors and existed before it left the control of the Defendants and/or their corporate predecessors, and it deviated from product specifications, posing a serious risk of

injury and death.

35.    At all relevant times, Omniscan was expected to reach, and did reach, consumers, including Lacey Derosa, without substantial change in the condition in which it was sold.

36.    As a direct and proximate result of Lacey Derosa being administered Omniscan as manufactured designed, sold, supplied and introduced into the stream of commerce by Defendants and/or their corporate predecessors, as well as their failure to comply with federal standards Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm, and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT II

### PRODUCTS LIABILITY / DESIGN DEFECT

37.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

38.    The Defendants and/or their corporate predecessors are the manufacturers, designers, distributors, sellers, or suppliers of Omniscan.

39.    The Omniscan manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants and/or their corporate predecessors was defective in design or formulation in that, when it left the hands of the Defendants and/or their corporate predecessors, the foreseeable risks of the products exceeded the benefits associated with its design or formulation, it

was more dangerous than an ordinary consumer would expect, Defendants and/or their corporate predecessors failed to provide adequate or proper warnings or instructions, it was not safe for its intended purpose, or it was inadequately tested.

40.    The foreseeable risks associated with the design or formulation of Omniscan include, but are not limited to, the fact that the design or formulation of Omniscan are more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

41.    As a direct and proximate result of Lacey Derosa being administered Omniscan as manufactured designed, sold, supplied and introduced into the stream of commerce by Defendants and/or their corporate predecessors, as well as their failure to comply with federal standards Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm, and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT III

### FAILURE TO WARN

42.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

43.    The Defendants and/or their corporate predecessors are the manufacturers, designers, distributors, sellers, or suppliers of Omniscan.

44.    The Omniscan manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants and/or their corporate predecessors was defective due to inadequate warning or instruction because Defendants and/or their corporate predecessors knew or should have known that this product created significant risks of serious bodily harm and death to consumers and they failed to adequately warn consumers and/or their health care providers of such risks.

45.    The Omniscan manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants and/or their corporate predecessors was defective due to inadequate post-marketing warning or instruction because, after Defendants and/or their corporate predecessors knew or should have known of the risk of serious bodily harm and death from the administration of Omniscan, Defendants and/or their corporate predecessors failed to provide an adequate warning to consumers and/or their health care providers of the product Omniscan, knowing the product could cause serious injury and death.

46.    Lacey Derosa did not know, nor did Lacey Derosa have reason to know, at the time of the use of the Omniscan, or at any time prior thereto, of the existence of the foregoing described defects. These defects and/or failure to warn of these defects caused the herein described injuries to Lacey Derosa and the injuries from which she continues to suffer.

47.    Defendants and/or their corporate predecessors knew that Omniscan was to be used by the user without inspection for defects therein and that Omniscan was unaccompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

48.    As a direct and proximate result of Lacey Derosa being administered Omniscan as manufactured designed, sold, supplied and introduced into the stream of commerce by Defendants and/or their corporate predecessors, as well as their failure to comply with federal standards Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT IV

### PRODUCTS LIABILITY DEFECT DUE TO
### NONCONFORMANCE WITH REPRESENTATIONS

49.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

50.    The Defendants and/or their corporate predecessors are the manufacturers, designers, distributors, sellers, or suppliers of Omniscan and made representations regarding the character or quality of Omniscan including representations that Omniscan was safe.

51.    The Omniscan manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants /or their corporate predecessors was defective in that, when it left the hands of Defendants and/or their corporate predecessors, it did not conform to representations

made by Defendants and/or their corporate predecessors concerning the product.

52.    Lacey Derosa and/or her healthcare providers justifiably relied upon Defendants' and/or their corporate predecessors' representations regarding the Omniscan at the time they were administered to her.

53.    As a direct and proximate result of Defendants' and/or their corporate predecessors' nonperformance with representations regarding the character and quality of Omniscan, as well as their failure to comply with federal standards and requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants /or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT V

### PRODUCTS LIABILITY
### DEFECT DUE TO FAILURE TO ADEQUATELY TEST

54.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

55.    The Defendants /or their corporate predecessors are the manufacturers, designers, distributors, sellers, or suppliers of Omniscan.

56.    The Defendants advised consumers and the medical community that Omniscan was safe for use. Defendants /or their corporate predecessors failed to adequately test Omniscan with respect to its use by consumers with renal insufficiency.

57.    Had Defendants /or their corporate predecessors adequately tested the safety of Omniscan for use by consumers with renal insufficiency and disclosed those results to the medical community or the public, Lacey Derosa would not have been administered Omniscan.

58.    As a direct and proximate result of Lacey Derosa being administered Omniscan as manufactured designed, sold, supplied and introduced into the stream of commerce by Defendants and/or their corporate predecessors, as well as their failure to comply with federal standards Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm and will continue to do so in the future.

**WHEREFORE,** the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT VI

### STRICT LIABILITY IN TORT

59.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

20

60. The Defendants and/or their corporate predecessors used and controlled toxic gadolinium for injection in humans.

61. Gadolinium is highly toxic, inherently dangerous, and ultra-hazardous to humans.

62. The Defendants and/or their corporate predecessors allowed and directed that toxic gadolinium be used and injected in humans.

63. As a direct and proximate result of Lacey Derosa being administered Omniscan as manufactured designed, sold, supplied and introduced into the stream of commerce by Defendants and/or their corporate predecessors, as well as their failure to comply with federal standards Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm and will continue to do so in the future.

64. The Defendants and/or their corporate predecessors are strictly liable for Lacey Derosa's injuries, damages and losses.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

### COUNT VII

### PRODUCT LIABILITY – NEGLIGENCE
### HIGHEST POSSIBLE DUTY OF CARE

65. The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

21

66.     Because gadolinium is highly toxic and inherently dangerous and ultra-hazardous to humans, the Defendants and/or their corporate predecessors had a duty to exercise the highest possible degree of care in the design, manufacture, testing, sale and/or distribution of Omniscan into the stream of commerce, including the duty to assure that their product did not pose a significantly increased risk of bodily harm and adverse events.

67.     Defendants and/or their corporate predecessors failed to exercise the highest possible degree of care in the design, formulation, manufacture, sale, testing, quality assurance, quality control, labeling, marketing, and distribution of Omniscan into interstate commerce in that Defendants and/or their corporate predecessors knew or should have known that Omniscan was inherently dangerous and ultra-hazardous to humans and caused such significant bodily harm or death and was not safe for administration to consumers.

68.     Defendants and/or their corporate predecessors also failed to exercise the highest possible degree of care in the labeling of Omniscan and failed to issue to consumers and/or their healthcare providers adequate warnings of the risk of serious bodily injury or death due to the use of Omniscan.

69.     Despite the fact that Defendants and/or their corporate predecessors knew or should have known that Omniscan posed a serious risk of bodily harm to consumers and was inherently dangerous and ultra-hazardous to humans and particularly those with renal insufficiency, Defendants and/or their corporate predecessors continued to manufacture and market Omniscan for administration to magnetic resonance imaging and arteriography patients with renal insufficiency.

70.     The Defendants and/or their corporate predecessors knew or should have known that

22

consumers such as Lacey Derosa would foreseeably suffer injury as a result of Defendants' and/or their corporate predecessors' failure to exercise the highest possible degree of care as described above.

71.     As a direct and proximate result of Defendants' and/or their corporate predecessors' negligence, as well as their failure to comply with federal standards and requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm, and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT VIII

### PRODUCT LIABILITY - NEGLIGENCE

72.     The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

73.     The Defendants and/or their corporate predecessors had a duty to exercise reasonable care in the design, manufacture, testing, sale and/or distribution of their products, Omniscan respectively, into the stream of commerce, including a duty to assure that their products did not pose a significantly increased risk of bodily harm and adverse events.

74.     The Defendants and/or their corporate predecessors failed to exercise reasonable care

23

in the design, formulation, manufacture, sale, testing, quality assurance, quality control, labeling, marketing, and distribution of Omniscan into interstate commerce in that Defendants and/or their corporate predecessors knew or should have known that their products caused such significant bodily harm or death and was not safe for administration to consumers.

75.    The Defendants and/or their corporate predecessors also failed to exercise ordinary care in the labeling of Omniscan and failed to issue to consumers, including Lacey Derosa, and/or their healthcare providers, adequate warnings of the risk of serious bodily injury or death due to the use of Omniscan.

76.    Despite the fact that Defendants and/or their corporate predecessors knew or should have known that Omniscan posed a serious risk of bodily harm to consumers, Defendants and/or their corporate predecessors continued to manufacture and market Omniscan for administration to magnetic resonance imaging and arteriography patients with renal insufficiency.

77.    Defendants and/or their corporate predecessors knew or should have known that consumers such as Lacey Derosa would foreseeably suffer injury as a result of Defendants' and/or their corporate predecessors' failure to exercise ordinary care as described above.

78.    As a direct and proximate result of Defendants' and/or their corporate predecessors' negligence, as well as their failure to comply with federal standards and requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm, and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess

24

of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT IX

### BREACH OF EXPRESS WARRANTY{tc \l5 "Breach of Express Warranty}

79.      The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

80.      The Defendants and/or their corporate predecessors expressly warranted that Omniscan was a safe and effective paramagnetic contrast agent for magnetic resonance imaging.

81.      The Omniscan manufactured and sold by Defendants and/or their corporate predecessors did not conform to these express representations because they caused serious injury to consumers when administered in recommended dosages.

82.      As a direct and proximate result of Defendants' and/or their corporate predecessors' breach of warranty, as well as their failure to comply with federal standards and requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm, and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT X{tc \l5 "COUNT X}

### BREACH OF IMPLIED WARRANTY

83.     The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

84.     At the time the Defendants and/or their corporate predecessors designed, manufactured, marketed, sold, and distributed Omniscan, Defendants and/or their corporate predecessors knew of the use for which Omniscan was intended and impliedly warranted their product to be of merchantable quality and safe and fit for such use.

85.     Lacey Derosa reasonably relied upon the skill and judgment of Defendants and/or their corporate predecessors as to whether Omniscan was of merchantable quality and safe and fit for its intended use and upon Defendants' and/or their corporate predecessors' implied warranty as to such matters.

86.     Contrary to such implied warranty, Omniscan was not of merchantable quality or safe or fit for its intended use because the product was unreasonably dangerous as described above.

87.     As a direct and proximate result of Defendants' and/or their corporate predecessors' breach of warranty, as well as their failure to comply with federal standards and requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other

26

and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XI

### {tc \l4 "COUNT VII}FRAUD/MISREPRESENTATION

88.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

89.    The Defendants and/or their corporate predecessors knowingly, willfully, intentionally or recklessly made material and false and misleading representations to Lacey Derosa, her healthcare providers and to the public that Omniscan was safe for use and that Defendants' and/or their corporate predecessors' labeling, marketing, and promotion fully described all known risks of the product.

90.    The Defendants' and/or their corporate predecessors' representations were in fact false, as Omniscan is not safe for use and its labeling, marketing and promotion did not fully describe all known risks of the product.

91.    The Defendants and/or their corporate predecessors had actual knowledge based upon studies, published reports and clinical experience that their products created an unreasonable risk of serious bodily injury and death to consumers, and specifically consumers with renal insufficiency, or should have known such information.

92.    The Defendants and/or their corporate predecessors knowingly and intentionally omitted this information in their product labeling, marketing, and promotion and instead, labeled, promoted, and marketed their product as safe for use in order to avoid monetary losses and in order to sustain profits in their sales to consumers.

27

93.    When Defendants and/or their corporate predecessors made these representations that Omniscan were safe for use, they knowingly and intentionally concealed and withheld from Lacey Derosa, her healthcare providers and the public the true facts that Omniscan are not safe for use in consumers with renal insufficiency.

94.    The Defendants and/or their corporate predecessors had a duty to disclose to Lacey Derosa, her healthcare providers and the public that Omniscan were not safe for use in patients with renal insufficiency in that it causes NSF/NSD because it had superior knowledge of these facts that were material to Lacey Derosa and her healthcare providers' decision to use Omniscan.

95.    Lacey Derosa and her healthcare providers reasonably and justifiably relied on the Defendants' and/or their corporate predecessors' concealment of the true facts and reasonably and justifiably relied upon Defendants' and/or their corporate predecessors' representations to Lacey Derosa and/or her healthcare providers that Omniscan was safe for human consumption and/or use and that Defendants' and/or their corporate predecessors' labeling, marketing, and promotion fully described all known risks of the product.

96.    Had Lacey Derosa and her healthcare providers known of Defendants' and/or their corporate predecessors' concealment of the true facts that Omniscan was not safe for human use, Lacey Derosa would not have been administered Omniscan.

97.    As a direct and proximate result of Defendants' and/or their corporate predecessors' fraudulent misrepresentations, as well as their failure to comply with federal standards and requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional

distress, physical limitations, pain, injury, damages, economic loss and harm, and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XII

### NEGLIGENT MISREPRESENTATION

98.     The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

99.     The Defendants and/or their corporate predecessors, in the course of their business profession, supplied Lacey Derosa and her healthcare providers with false information for guidance in their decision to use Omniscan.

100.     The false information supplied by Defendants and/or their corporate predecessors to Lacey Derosa and her healthcare providers was that Omniscan was safe and would not adversely affect Lacey Derosa's health.

101.     In supplying the false information, Defendants and/or their corporate predecessors failed to exercise reasonable care or competence in obtaining or communicating information to Lacey Derosa and her healthcare providers.

102.    The false information obtained and communicated by Defendants and/or their corporate predecessors to Lacey Derosa and her healthcare providers was material and they justifiably relied in good faith on the information to their detriment.

103.    As a direct and proximate result of Defendants' and/or their corporate predecessors' negligent misreprentations, as well as their failure to comply with federal standards and requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm, and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury

## COUNT XIII

### VIOLATIONS OF THE D.C. DECEPTIVE TRADE PRACTICES ACT

104.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

105.    At all relevant times, Defendants and/or their corporate predecessors were engaged in the business of the sale of consumer goods in the District of Columbia, including its product, Omniscan.

106.    The following unfair and deceptive acts were done in violation of the District of

Columbia Unlawful Trade Practices Act, D.C., Code. §28-3904, specifically:

      a)    misrepresentation that Omniscan was of a particular quality;

      b)    misrepresentation as to material facts which have the tendency to mislead;

      c)    failure to state material facts which failure tends to mislead;

      d)    offered for sale of distributed Omniscan in a condition which was inconsistent

            with that warranted by operation or requirement of federal law.

107.    As a direct and proximate result of Defendants' and/or their corporate predecessors'

unfair and deceptive trade practices, as well as their failure to comply with federal standards and

requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional

distress, physical limitations, pain, injury, damages, economic loss and harm.

**WHEREFORE**, under the District of Columbia Unlawful Trade Practices Act, Lacey Derosa

is entitled to treble damages or, in the alternative, punitive damages, and reasonable attorneys fees and

costs, and any other relied that the Court deems proper.

## COUNT XIV

### PUNITIVE DAMAGES

108.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and

every allegation set forth in the preceding paragraphs and further allege as follows:

109.    The acts, conduct and omissions of Defendants and/or their corporate predecessors as

alleged herein were attended to by circumstances of fraud, malice, or willful and wanton conduct,

done heedlessly and recklessly, without regard to consequence, or the rights and safety of others,

31

particularly Lacey Derosa and was done for the primary purpose of increasing Defendants' and/or

their corporate predecessors' profits from the sale and distribution of Omniscan at the expense of the

health and safety of the consuming public, including Lacey Derosa, and in conscious disregard of the

foreseeable harm, cause by the product.

110.    At all times material hereto, the Defendants and/or their corporate predecessors knew

or should have known that the subject product was defective and inherently more dangerous than

other contrast agents.

111.    At all times material hereto, the Defendants and/or their corporate predecessors

attempted to misrepresent and did misrepresent facts concerning the safety of Omniscan.

112.    The Defendants' and/or their corporate predecessors' misrepresentations include

knowingly withholding material information from the medical community and the public, including

Lacey Derosa herein, concerning the safety of Omniscan.

113.    At all times material hereto, the Defendants and/or their corporate predecessors knew

and/or recklessly disregarded the fact that Omniscan causes debilitating injury and possibly death.

114.    Notwithstanding the foregoing, the Defendants and/or their corporate predecessors

continued to market the subject product without disclosing the aforesaid risks and promoting the

safety of the product, when Defendants and/or their corporate predecessors knew their product was

dangerous and that there were safer alternatives.

115.    The Defendants and/or their corporate predecessors knew of the subject products

defective and unreasonably dangerous nature, as set forth herein, but continued to design, develop,

manufacture, market, distribute and sell it so as to maximize sales and profits at the expense of the

health and safety of the public, including Lacey Derosa herein, in conscious and/or negligent disregard of the foreseeable harm caused by Omniscan,

116.   The Defendants and/or their corporate predecessors intentionally concealed and/or recklessly failed to disclose to the public, including the public herein, the risks of injury and death that could occur as a result of the use of Omniscan, in order to ensure continued and increased sales.

117.   The Defendants and/or their corporate predecessors intentional and/or reckless failure to disclose information deprived Lacey Derosa of necessary information to enable her to weigh the true risks of using the subject product against its benefits.

118.   As a direct and proximate result of Defendants' and/or their corporate predecessors' knowing conscious, callous and deliberate disregard for the rights and safety of consumers, as well as their failure to comply with federal standards and requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm, and will continue to do so in the future.

**WHEREFORE**, Defendants' and/or their corporate predecessors' willful, malicious, outrageous and unconscionable conduct warrants an award of punitive damages against all Defendants and/or their corporate predecessors in an amount to be determined at a trial of this action and in an amount to punish the Defendants and/or their corporate predecessors and deter them from similar conduct in the future.

## COUNT XV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGEOUS CONDUCT

33

119.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

120.    The Defendants' and/or their corporate predecessors' concealment from Lacey Derosa and her healthcare providers that Omniscan was not safe for use was extreme and outrageous conduct in that such conduct is so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is atrocious and utterly intolerable in a civilized community such as the District of Columbia.

121.    The Defendants and/or their corporate predecessors are liable to Lacey Derosa in that they intentionally and recklessly inflicted emotional distress by preventing public awareness of the risks associated with the use of Omniscan in patients with renal insufficiency.

122.    The Defendants and/or their corporate predecessors knew or should have known that their failure to fully and truthfully inform the public would cause severe and grave emotional distress in those users who were administered Omniscan and subsequently developed permanent, debilitating and/or lethal injuries as a result of being exposed to toxic gadolinium.

123.    The Defendants' and/or their corporate predecessors' intentional decision to withhold and misrepresent information concerning the high risk to renal insufficient patients of injury from Omniscan was motivated by their desire to preserve sales and profits.

124.    The Defendants' and/or their corporate predecessors' concealment from Lacey Derosa and her healthcare providers that Omniscan was not safe for use was extreme and outrageous conduct in that such conduct offends the moral standards of this community and is so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is atrocious and

34

utterly intolerable in a civilized community such as the District of Columbia.

125.    As a direct and proximate result of Defendants' and/or their corporate predecessors' extreme, intentional and outrageous conduct, Lacey Derosa suffered severe emotional distress.

126.    As a direct and proximate result of Defendants' and/or their corporate predecessors' intentional and outrageous conduct, as well as their failure to comply with federal standards and requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm, and will continue to do so in the future.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XVI

### FRAUD BY CONCEALMENT

127.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

128.    At all times mentioned herein, Defendants and/or their corporate predecessors had the duty to disclose to Lacey Derosa and to her healthcare providers, the true facts concerning Omniscan, specifically that it was dangerous and defective and how likely it was to cause serious consequences to users, including injuries and potentially death, and how unnecessary it was to use Omniscan for the

purposes indicated when considering alternative methods of treatment. The Defendants and/or their corporate predecessors made affirmative representations as set forth herein to Lacey Derosa, her healthcare providers, and the general public prior to the date Omniscan was provided to Lacey Derosa, while concealing material facts mentioned herein.

129.    At all times mentioned herein, the Defendants and/or their corporate predecessors had a duty and obligation to disclose to Lacey Derosa and to her healthcare providers the true facts concerning the aforesaid product; that is, that use would cause injuries including but not limited to NSF.

130.    At all times herein mentioned, the Defendants and/or their corporate predecessors intentionally, willfully, and maliciously concealed or suppressed the facts set forth herein from Lacey Derosa and her healthcare providers with the intent to defraud as alleged herein.

131.    At all times herein mentioned, neither Lacey Derosa or her healthcare providers were aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that its, would not have utilized the product.

132.    As a result of the concealment or suppression of the facts set forth above, Lacey Derosa suffered injuries as set forth herein.

133.    That at all times herein mentioned, the Defendants and/or their corporate predecessors intentionally and willfully concealed or suppressed the facts set forth herein from Lacey Derosa's healthcare providers and therefore from Lacey Derosa, with the intent to defraud Lacey Derosa as herein alleged.

134.    At all times herein mentioned, neither Lacey Derosa nor her healthcare providers were

36

aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that is, Lacey Derosa would not have been injected with Omniscan.

135.    As a direct and proximate result of Defendants' and/or their corporate predecessors' concealment and suppression of the facts, as well as their failure to comply with federal standards and requirements, Lacey Derosa suffered significant disfigurement, disability, mental anguish, emotional distress, physical limitations, pain, injury, damages, economic loss and harm, and will continue to do so in the future.

   **WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XVII

### UNJUST ENRICHMENT AS TO DEFENDANTS

136.    The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

137.    As a direct, proximate, and foreseeable result of the Defendants' and/or their corporate predecessors' acts and otherwise wrongful conduct, Lacey Derosa was gravely harmed. The Defendants and/or their corporate predecessors profited and benefited from the sale of Omniscan, even as it injured Lacey Derosa.

138.    The Defendants and/or their corporate predecessors have voluntarily accepted and

37

retained those profits and benefits derived from consumers, including Lacey Derosa, with full knowledge and awareness that, as a result of the Defendants' unconscionable and intentional wrongdoing, consumers, including Lacey Derosa, were not receiving products of the quality, nature, fitness or value that had been represented by the Defendants and/or their corporate predecessors, or that reasonable consumer expected. Lacey Derosa was injected with Omniscan that was expected to assist in the improvement of her health, and instead found that her health destroyed.

139. By virtue of the conscious wrongdoing alleged in this Verified First Amended Complaint, the Defendants and/or their corporate predecessors have been unjustly enriched at the expense of Lacey Derosa, as well as their failure to comply with federal standards and requirements, who are entitled to in equity, and hereby seek, the disgorgement and restitution of the Defendants' and/or their corporate predecessors' wrongful profits, revenue, and benefits, to the extent, and in the amount deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy the Defendants' and/or their corporate predecessors' unjust enrichment.

**WHEREFORE**, the Plaintiff respectfully requests this Court enter judgment in the Plaintiff's favor and against the Defendants and/or their corporate predecessors for damages in a sum in excess of the jurisdictional requirement of this Court; for the Plaintiff's costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## COUNT XVIII

### FDA MISLED OR UNAWARE

140. The Plaintiff hereby incorporates by reference, as if fully set forth herein, each and

38

every allegation set forth in the preceding paragraphs and further allege as follows:

141.    The Defendants and/or their corporate predecessors as well as their failure to comply with federal standards and requirements before and/or after pre-market approval and/or licensing of Omniscan, withheld from and/or misrepresented to the United States Food and Drug Administration ("FDA") required information that was material and relevant to the performance of the product. Lacey Derosa does not make a claim as such for "fraud on the FDA," but Lacey Derosa does allege that these misrepresentations and/or concealments and/or omissions are a contributing, producing, and/or proximate cause of her injuries.

142.    Further, the Defendants and/or their corporate predecessors as well as their failure to comply with federal standards and requirements recommended, promoted, over-promoted and/or advertised Omniscan for indications not approved by the FDA and (a) the product was used as recommended, promoted and/or advertised, and (b) this use was a proximate cause of Lacey Derosa's injuries.

143.    The conduct outlined in the above three paragraphs negate any defense based on FDA approval including approval of products, labels or warnings, and overcome any presumption that might be argued was created by FDA approval.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against the Defendants and/or their corporate predecessors, jointly and severally, as follows:

144.    Compensatory damages in excess of the jurisdictional amount, including, but not limited to pain, suffering, mental anguish, emotional distress, loss of enjoyment of life, increased risk

of health problems, and other non-economic damages in an amount to be determined at trial of this action;

145.    Medical, rehabilitation, life care, and medical monitoring expenses, past and future lost wages, income, and other economic damages in an amount to be determined at trial of this action.

146.    Punitive damages in an amount to be determined upon proof at trial;

147.    Damages authorized under the Deceptive Trade Practices Act, including treble damages, punitive damages and attorneys' fees;

148.    Attorneys' fees, expenses, and costs of this action;

149.    Pre -and Post Judgment Interest; and

150.    Such further relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this ___ day of March, 2008.


                                    **SAIONTZ, KIRK AND MILES, P.A.**


                                    By:  _____
                                         John S. Kearns - 382086
                                         3 South Frederick Street
                                         Suite 900
                                         Baltimore, Maryland 21202
                                         Telephone:    (410) 539-6339
                                         Facsimile:    (410) 539-7411
                                         Email: John.kearns@skm[1]

40